# FELICELLO

Michael James Maloney*

Partner

mmaloney@Felicellolaw.com

*Admitted in NY

September 19, 2022

VIA ECF

The Honorable Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:   *China AI Capital Limited v. DLA Piper LLP (US) et al.*,
>        Case No. 1:21-cv-10911 (S.D.N.Y.)

Dear Judge Marrero:

We represent Plaintiff China AI Capital Limited ("Plaintiff") in connection with the above-referenced matter. We write to respond to the Court's September 13, 2022 Order directing Plaintiff to submit (1) a proposed notice to the shareholders of Link Motion, Inc. (the "Company") and (2) a proposal for how such notice shall be distributed in compliance with the Federal Rule of Civil Procedure 23.1 and due process.

**(1) Plaintiff's proposed notice complies with Rule 23.1 and due process.** Plaintiff's proposed notice accompanies this letter. Where notice is required by Rule 23.1, due process requires that the notice "fairly apprise" the recipients of the terms of dismissal of a derivative action and their options. *O'Brien v. Nat'l Prop. Analysts Partners*, 739 F. Supp. 896, 901 (S.D.N.Y. 1990) (citing *Milstein v. Werner*, 57 F.R.D. 515, 518 (S.D.N.Y. 1972)) (approving notice given to class members under analogous notice provision in Rule 23(c)). The notice should be "structured in terms of time and content to enable shareholders to rationally decide whether they should intervene in the settlement proceedings or otherwise make their views known." *Milstein*, 57 F.R.D. at 518 (analyzing notice under Rule 23.1). *See also In re AOL Time Warner S'holder Derivative Litig.*, 2006 U.S. Dist. LEXIS 63260, at *18-19 (S.D.N.Y. Sep. 6, 2006); *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1318 (3d Cir. 1993); *Maher v. Zapata Corp.*, 714 F.2d 436, 452 (5th Cir. 1983) ("The notice to the shareholders need not explain to them all the consequences involved in the settlement").

Here, the proposed notice complies with the requirements of Rule 23.1 and due process by fairly apprising the shareholders of the events prompting the dismissal and the terms of the dismissal (without prejudice), and providing registered shareholders an opportunity to make their views known. Nothing further is required because there is no settlement to approve.

Hon. Victor Marrero, U.S.D.J.
September 19, 2022
Page 2 of 2

**(2) Plaintiff's proposed method of service (registered mail) complies with Rule 23.1 and due process.** Plaintiff proposes to serve the notice by registered mail to each registered shareholder of the Company. The addresses on record for each shareholder will be obtained from the most recent copy of the Register of Members (shareholder registry) filed by the court-appointed receiver in the action *Baliga v. Link Motion Inc., et al.*, Case No. 1:18-cv-11642 (S.D.N.Y.) (the "*Baliga* Action"). It is Plaintiff's understanding that the most recent registry of shareholders is available at *Baliga* Action Dkt. No. 285-4 at ECF pages 109-118. Each registered shareholder accepted the terms governing service of notices in the Company's governing documents, the Company's Sixth Amended Articles of Association. *Baliga* Action Dkt. No. 36-4. Articles 136 to 141 of this document provide for the giving of notice by "either personally, by facsimile or by sending it through the post in a prepaid letter or via a recognised courier service, fees prepaid, addressed to the Member at his address as appearing in the Register of Members." *Baliga* Action Dkt. No. 36-4 at ECF pages 32-33. Registered mail service is available for the jurisdictions where the registered shareholders' mailing addresses are located.[1]

Service by registered mail to registered shareholders of record meets the requirements of Rule 23.1 and due process. *Bernstein v. Mediobanca Banca di Credito Finanziario-Societa Per Azioni*, 78 F.R.D. 1, 3 (S.D.N.Y. 1978) (service by mail was proper). *See also In re UnitedHealth Grp. S'holder Derivative Litig.*, 631 F.3d 913, 915 (8th Cir. 2011) (Rule 23.1(c) notice "mailed [] to all record shareholders" sufficient); *In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d 467, 486 (D.N.J. 2012) (notice provided by First Class mail to registered shareholders is "reasonable and adequate").

Sincerely,

/s/ *Michael James Maloney*

Michael James Maloney

Enc.

---

[1] United States (https://faq.usps.com/s/article/Registered-Mail-The-Basics), Cayman Islands (https://pe.usps.com/text/imm/ce_005.htm#ep1014128), People's Republic of China (https://pe.usps.com/text/imm/ce_009.htm#ep1400280), Hong Kong Special Administrative Region (https://pe.usps.com/text/imm/fh_024.htm#ep6954101), Republic of Seychelles (https://pe.usps.com/text/imm/ps_026.htm#ep4751237), and British Virgin Islands (https://pe.usps.com/text/imm/ab_030.htm#ep1771959).