FELICELLO

Michael James Maloney*
Partner
mmaloney@Felicellolaw.com
*Admitted in NY

September 21, 2022

VIA ECF

The Honorable Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *China AI Capital Limited v. DLA Piper LLP (US) et al.*,
               Case No. 1:21-cv-10911 (S.D.N.Y.)

Dear Judge Marrero:

      We represent Plaintiff China AI Capital Ltd. ("Plaintiff") in connection with the above-referenced matter. We submit this letter in response to the Court's September 14, 2022 Order. Dkt. 29.

### The Link Motion, Inc. Board Did Not Violate This Court's Orders

      On February 1, 2019, the Court entered an order (the "February 1, 2019 Order") in the *Baliga v. Link Motion Inc.* matter (the "*Baliga* Action")[1] appointing a Receiver[2] for the Company[3] and preliminarily enjoining the Company from taking certain actions. Specifically, Section I(2) of the Court's February 1, 2019 Order "preliminar[il]y enjoin[ed] Defendants" to "ensure that litigation or arbitration matters are directed and controlled by the Company's lawyers, the appointed Receiver, and/or the non-conflicted board members *as directed by the Receiver*." Dkt. 26, *Baliga* Action (emphasis added). This injunction prevented the Board of Directors (the "Board") from taking legal action except as directed by the Receiver. That injunction did not, however, enjoin the Company's Board from meeting. There are no other orders enjoining or restricting the Company or the Board from taking certain action.

      Your Honor's August 25, 2022 decision in the *Baliga* Action dissolved the preliminary injunction "effective immediately." Dkt. 331, *Baliga* Action, at 7 and 23. Dissolution of the preliminary injunction released the Board from any restrictions from taking action regarding the current legal affairs of the Company. Upon dissolution of the preliminary injunction, the Board was free to retain counsel for the Company and make its own decisions regarding its current legal matters, without oversight by the Receiver. Indeed, the Court has acknowledged that the

---

[1] Case No. 1:18-cv-11642-VM (S.D.N.Y.).
[2] "Receiver" refers to Robert W. Seiden, the temporary receiver appointed by the Court in the *Baliga* Action.
[3] Link Motion Inc.

The Hon. Victor Marrero, U.S.D.J.
September 21, 2022
Page 2 of 3

Receiver's duties and function have been substantially narrowed. *Baliga* Action, Dkt. 338 at 3.[4] Further, Felicello Law P.C. had already been granted leave to represent the Company in the *Baliga* Action with respect to a motion to dismiss, Dkt. 175, and nothing in the Court's orders states or even suggests that the Company should be deprived of its right to legal representation while the Receiver is preparing his accounting. Thus, the Board did not violate any of this Court's orders, either in this action or the *Baliga* Action, by meeting on August 31, 2022[5] and taking action regarding current legal matters.

The members of the Board were duly authorized to meet and take action regarding the Company's current legal affairs. Five of the Company's duly appointed directors met on August 31, 2022 to consider the Company's legal matters. These directors constituted a quorum of the duly appointed directors listed on the official registry. *See Baliga* Action, Dkt. 36-4 at Article 99 (articles of association); *Baliga* Action, Dkt. 285-4 at ECF pp.122-124 (registry of directors as of January 4, 2022) and *Baliga* Action, Dkt. 334-1 (registry of directors as of August 29, 2022). Four of the directors (including two independent directors) voted in favor of proposals considered by the Board, none voted against, and one abstained. The Board authorized two of the independent directors to take action to carry out the Board's resolutions. The two independent directors then issued instructions to Felicello Law P.C. and signed a conflict waiver.

Once the preliminary injunction was dissolved, the Board had a duty to act to manage the current legal affairs of the Company.[6] One of the legal matters requiring attention was the legal malpractice action commenced by China AI on behalf of the Company. It was proper for the Board to consider this legal malpractice claim because it belongs to the Company, not China AI, which acted only in a derivative capacity after having first made a demand on the Receiver. There was urgency to the Board meeting regarding the legal malpractice claim. The statute of limitations has been running on the Company's claims against DLA Piper. By our calculations, without an order tolling the limitations period, the Company's time to bring its claim against DLA Piper would have expired on September 17, 2022. That left less than one month for the Board to act.

### The Court Lacks Jurisdiction to Address Actions of the Board

Your Honor asked us to consider "the extent of the Court's jurisdiction to address (a) any purported violations of the Court's orders by the LKM Board and (b) the LKM Board's ability to meet."[7] Here, no members of the Board are parties to this action and the Company is named only as a nominal party under Rule 23.1. With respect to subject matter jurisdiction, there are no allegations in the Complaint alleging a breach of any duty owed by the Board or any other

---

[4] By the same order, the Court reduced the scope of the Receiver's authority by directing him to "focus its efforts on the accounting" and not to "seek any extraordinary actions from the Company's Board." Dkt. 331, *Baliga* Action.

[5] To the extent prior correspondence suggested that the meeting occurred on September 1, 2022, those references are amended to reflect that the Board met on August 31, 2022. The discrepancy arose because of the time difference between New York and Beijing. Counsel received notice of the meeting on September 1, 2022.

[6] *See Baliga* Action, Dkt. 36-4 at Article 88 (articles of association).

[7] The Court requested a similar submission in the *Baliga* Action. The Company will submit its own response in the *Baliga* Action.

controversy concerning the internal operations of the Board that requires a judicial ruling in this action. The operative pleading sets forth only a legal malpractice claim brought on a derivative basis because of the Receiver's failure to act. Accordingly, the Court lacks jurisdiction here to address the actions of the Board on August 31, 2022 because the operative pleading fails to raise any justiciable controversy regarding that issue. The Court correctly denied prior motions by plaintiff and the Receiver in the *Baliga* Action seeking a court ruling concerning matters outside the scope of the operative pleadings in that action. *See Baliga* Action, Dkt. 252 at 4-5, *citing North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Flast v. Cohen*, 392 U.S. 83, 96 (1968); *Ass'n of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 85 (2d Cir. 2018); Dkt. 331 at 21-22. The same reasoning applies here.

With respect to the Court's jurisdiction to address the Board's ability to meet, as stated above, the February 1, 2019 Order never enjoined the Board from meeting. Moreover, the propriety of meetings of the Board is a matter of Cayman Islands law pursuant to the internal affairs doctrine. *See Howe v. Bank of New York Mellon*, 783 F. Supp. 2d 466, 475 (S.D.N.Y. 2011); *Winn ex rel. Scottish Re Group Ltd. v. Schafer*, 499 F. Supp. 2d 390, 393 (S.D.N.Y. 2007). Any controversy regarding the recent Board meeting is more properly presented to the courts of the Cayman Islands to decide based on argument presented by Cayman Island attorneys.

### The Issue of Removal Is Not Ripe

The Company's legal malpractice claim against DLA Piper was properly filed in New York State Court. Defendants are located within New York State and subject to the jurisdiction of the New York State Courts. The New York State Courts have jurisdiction over the state law claim and can address the tolling effect of New York State Executive Orders issued in connection with the COVID-19 pandemic.

Removal of civil actions from state court is governed by 28 U.S.C. § 1441, which does not permit removal based on supplemental jurisdiction. *Allstate Ins. Co. v. Electrolux Home Prods.*, 2016 U.S. Dist. LEXIS 91365, at *2 (S.D.N.Y. Jan. 7, 2016). Defendants bear the burden of proving that removal is appropriate here. *Pires v. Heller*, 2004 U.S. Dist. LEXIS 23871, at *4 n.1 (S.D.N.Y. Nov. 19, 2004) ("It is well settled that 'the party seeking to preserve the district court's removal jurisdiction, typically the defendant, not the party moving for remand to state court, typically the plaintiff,' bears the burden of showing that removal is appropriate in the first instance.") (citations omitted). Service of process in the state court action is currently under way. No notice of removal has been filed by Defendants. Accordingly, this issue is not yet ripe.

Respectfully submitted,

/s/ *Michael James Maloney*

Michael James Maloney