**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Nancy Hart
Direct: +1 212.351.3897
Fax: +1 212.351.6273
NHart@gibsounn.com

June 23, 2023

VIA ECF
The Honorable Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *China AI Capital Limited v. DLA Piper LLP (US) et al.*, No. 1:21-cv-10911 (S.D.N.Y.)

Dear Judge Figueredo:

DLA Piper LLP (US) and Caryn Schechtman (collectively, "DLA") hereby respond to Plaintiff China AI's June 16, 2023 letter. ECF 49 (the "Letter"). The Letter is yet another baseless attempt to revive a derivative lawsuit that (i) was sanctionable from the outset; (ii) was voluntarily dismissed by Plaintiff; and (iii) is barred by both *res judicata* and the fact that Link Motion directly asserted the same claims against the same Defendants. There is simply no legal or factual basis for this derivative action to continue. China AI voluntarily dismissed it *nine months ago*, following rulings in the *Baliga* Action[1] that are "dispositive of this case," *LKM* Dkt 24 at 16–17, and in response to DLA's imminent motions to dismiss and for sanctions. China AI's counsel's response was to file the same lawsuit by Link Motion in state court—blatant forum shopping that the District Court called "a collateral attack on the Court's past orders." *Id.* That gambit failed when Link Motion's direct action was removed and subsequently dismissed *with prejudice. LKM* Dkt 30 at 1; *LKM* Dkt 31. There is thus no derivative claim remaining for China AI, or any other Link Motion shareholder, to pursue against DLA, and China AI's frivolous request to "withdraw" its voluntary dismissal and amend its deficient complaint should be denied.

***Any Derivative Action Must Be Dismissed Because Link Motion Directly Asserted Its Claims***. Federal Rule 23.1 permits derivative actions *only* "to enforce a right that the corporation . . . *has failed to enforce*." Fed. R. Civ. Proc. 23.1 (emphasis added). But here, Link Motion brought direct claims against DLA. "When a corporation subsequently sues to assert claims on its own behalf, however, derivative claims become unnecessary and duplicative, and should be dismissed. . . . There is no exception to this rule simply because the possibility exists that the direct claims may be dismissed on statute of limitations grounds or otherwise." *Ross v. Patrusky, Mintz & Semel*, 1997 WL 214957, at *10 (S.D.N.Y. Apr. 29, 1997); *see United States v. New Silver Palace Restaurant, Inc.*, 810 F. Supp. 440, 443 (E.D.N.Y. 1992) ("Where the corporation brings a direct action, then the shareholder is precluded from bringing a derivative action").

***This Derivative Action Is Barred By* Res Judicata**. This derivative action is separately barred under well-settled *res judicata* principles. "Judgments on the merits in suits brought directly by a

---

[1] "*Baliga* Action" and "*Baliga* Dkt" refer to the underlying action *Baliga v. Link Motion Inc., et al.*, No. 1:18-cv-11642 (S.D.N.Y.), where China AI's counsel also represents Vincent Shi. "*LKM* Action" and "*LKM* Dkt" refer to the now-dismissed direct action those same lawyers purportedly brought on behalf of Link Motion in *Link Motion Inc. v. DLA Piper LLP, et al.*, No. 1:22-cv-08313 (S.D.N.Y.). *See LKM* Dkt 30 at 19 ("[T]he overlapping nature of legal representation as between LKM, Shi, and China AI raises the specter that Shi has been the one pulling the strings….").

party" preclude "related derivative litigation in which that party is named as the nominal defendant." *Yale M. Fishman 1998 Ins. Tr. v. Gen. Am. Life Ins. Co.*, 2013 WL 842642, at *5 (S.D.N.Y. Mar. 7, 2013); *Fishman v. Phila. Fin. Life Ass. Co.*, 2016 WL 2347921, at * 5 (S.D.N.Y. May. 3, 2016) (same). Under applicable New York law, "[a] dismissal on statute of limitations grounds is considered a dismissal on the merits for claim preclusion purposes and bars a second action." *Sun v. City of New York*, 803 Fed. App'x 469, 471 n.3 (2d Cir. 2020) (quoting *Karmel v. Delfino*, 293 A.D.2d 473 (2d Dep't 2002)). Notably, *China AI does not dispute these fundamental legal principles*, or that they "typical[ly]" would preclude this action. ECF 49 at 1. While it says that this case "presents a unique set of facts," *id*., China AI unsurprisingly provides *no* authority suggesting that these "facts" provide a basis for this Court to ignore black letter law. It is just another frivolous argument.

***This Derivative Action Was Voluntarily Dismissed***. Judge Marrero recently confirmed that all that remains of this matter is to notify Link Motion's shareholders of China AI's voluntary dismissal, as required by Rule 23.1. *LKM* Dkt 35 at 5 n.2. Specifically, the District Court *declined* Link Motion's invitation to revise the statement in its order granting DLA's motion to dismiss that this derivative action had been "voluntarily dismissed," and instead to state it "has not been dismissed and is still pending." *Id*. Instead, the District Court confirmed that this derivative action had, in fact, been "voluntarily dismissed," and that the only matters that remain "in limbo" were "court approval of notice to shareholders . . . as well as a motion for sanctions under Federal Rule of Civil Procedure 11." *Id*.

In light of the recent dismissal with prejudice of Link Motion's direct action, *LKM* Dkt 31, DLA agrees[2] with Plaintiff's previous position that notice to Link Motion's shareholders is no longer necessary, and thus this Court can and should enter the voluntary dismissal order. *See* ECF 26 (China AI arguing that Rule 23.1 notice was unnecessary because a direct action had been filed). Because there can be no derivative action by any shareholder because Link Motion proceeded directly as well as because that direct action has been dismissed with prejudice, *Ross v. Patrusky, Mintz & Semel*, 1997 WL 214957, at *10, a discontinuance here poses no possible prejudice to any shareholder. *See Creighton v. Taylor*, 1990 WL 181533, at *1 (D. Conn. Oct. 22, 1990); *see also Papilsky v. Berndt*, 466 F.2d 251, 258–9 (2d Cir. 1972) (notice required to the extent other shareholders could intervene to protect corporate claim and to continue the litigation).

***There Is No Basis To Withdraw Or Stay Plaintiff's Prior Dismissal.*** China AI's assertion that it "would ordinarily be allowed to withdraw its voluntary motion to dismiss" is also specious, ECF 49 at 2, as it relies on inapplicable caselaw and a *different* Federal Rule than the one it relied on to dismiss this action. China AI did not request leave to dismiss its claims "by court order" under Federal Rule 41(a)(2); it notified the District Court that the action had been dismissed under Federal Rule 41(a)(1)(A)(i). ECF 22. And the District Court did not "condition[]" dismissal on it being "with prejudice," ECF 49 at 2; the District Court did not place any "conditions" on dismissal at all. ECF 28. China AI and the counsel it shares with Link Motion and Dr. Shi may regret how their procedural shenanigans and the *LKM* Action panned out, but they have not provided any valid reason to nullify a voluntary dismissal from *nine months ago*. By proceeding with a direct action with the District Court's permission, they forever barred the derivative action from proceeding.

---

[2] DLA previously stated that notice was required because at the time it was unclear whether the direct action would be permitted to proceed inasmuch as the Link Motion Board's purported authorization of that suit violated the District Court's and this Court's prior orders. The District Court subsequently clarified on October 17, 2022 that despite the impropriety of the Board's action, the Link Motion direct action could proceed. *LKM* Dkt 9.

The Honorable Valerie Figueredo
Page 3

Likewise, there is no reason to "stay" this action. The District Court already rejected China AI's counsel's motion for reconsideration in the related *LKM* Action. In doing so, the District Court found that China AI's counsel's repeated frivolous filings "ha[d] drained 'scarce judicial resources' . . . approaching the boundaries where zealous advocacy transgresses procedural abuse." *LKM* Dkt 53 at 5 n.3. Moreover, even if Link Motion were to appeal the District Court's dismissal of its action (it hasn't yet), the outcome of that appeal would have no bearing on this matter because the derivative claim cannot stand once the Company enforces the claim directly. Regardless of whether Link Motion wins or loses a theoretical appeal, China AI's derivative claim is precluded. *See Universal Music-NBG NA LLC v. Vergara*, 2012 WL 11265, at *1 (S.D.N.Y. Jan. 3, 2012) (denying motion for stay where "the resolution of this case will not depend on the outcome of the [other] action.").

**There Is No Basis To Amend Plaintiff's Complaint.** Finally, beyond China AI's utter failure to identify any valid reason why it should be able to rescind its nine-month-old dismissal, China AI's request to amend its complaint in some unspecified way should be denied as futile.[3] *See, e.g.*, ECF 18; *LKM* Dkt 14. There is no amendment that can circumvent the plain fact that (i) under Rule 23.1, no derivative action can stand when a direct claim has been brought (even when that direct action has been dismissed), Fed. R. Civ. Proc. 23.1 (stating that derivative actions may only be brought "to enforce a right that the corporation or association may properly assert but has failed to enforce."); or that (ii) the District Court's dismissal of Link Motion's direct claim bars China AI's derivative claim here. *See Ross v. Patrusky, Mintz & Semel*, 1997 WL 214957, at *10; *Fishman v. Phila. Fin. Life Ass. Co.*, 2016 WL 2347921, at *5.

Nor could an amendment fix the other myriad fatal defects in China AI's complaint, including, without limitation, causation and lack of standing, as DLA previously explained. *See* ECF 18. The crux of China AI's purported derivative claim—that DLA should have argued that Baliga lacked standing in the underlying *Baliga* Action and, if it had, the Receiver never would have been appointed—has been *squarely* and *repeatedly* rejected by this Court and the District Court. *See Baliga* Dkt 275 at 18, 22; *Baliga* Dkt 331 at 12, 17–18; *LKM* Dkt 30 at 19 ("[W]as appointment of the Receiver proper despite the purported deficiencies in Baliga's original complaint? This Court has, time and time again, answered that question 'yes.'"); *LKM* Dkt 24 at 16–17 (confirming that those prior orders were "dispositive of this case"). Setting aside the fact that Defendants did not act negligently, China AI cannot show that "but for the attorney's negligence, 'what would have been a favorable outcome was an unfavorable outcome.'" *Flutie Bros. v. Hayes*, 2006 WL 1379594, at *5 (S.D.N.Y. May 18, 2006). Moreover, China AI plainly lacks derivative standing under Cayman Islands law, which China AI concedes applies and which broadly "prohibits shareholder derivative actions," subject only to a few limited and inapposite exceptions. ECF 18-1 at 2, ECF 18-2 at 2; *see Shenwick v. HM Ruby Fund, L.P.*, 106 A.D.3d 638, 639 (1st Dep't 2013).

\*      \*      \*

Accordingly, DLA respectfully requests that this Court enter China AI's voluntary dismissal order and put an end to this frivolous lawsuit. Upon doing so, all that will remain of this reprehensible saga initiated by China AI and its counsel (and of course Dr. Shi) is DLA's motion for sanctions.

---

[3] China AI claims it will "conform" its amended complaint to the one filed in the *LKM* Action. ECF 49 at 3. But the claim in that action is virtually identical to China AI's, and is deficient for the same reasons (in addition to being time-barred). *See* ECF 18; *LKM* Dkt 14. Further, the "additional facts" China AI might "potentially add"—a shareholder demand letter purportedly sent to the Board of Link Motion and Dr. Vincent Shi, with a copy to an unnamed attorney at "DLA Piper," *Baliga* Dkt 435-10—change nothing regarding the fatal defects of the complaint.

The Honorable Valerie Figueredo
Page 4

Respectfully Submitted,

/s/ *Nancy Hart*

Nancy Hart

cc:     All counsel of record (*via ECF*)