**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

Nancy Hart
Direct: 212.351.3897
nhart@gibsondunn.com

September 3, 2024

<u>VIA ECF</u>

The Honorable Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *China AI Capital Limited v. DLA Piper LLP (US), et al.*, No. 1:21-cv-10911

Dear Judge Figueredo:

In accordance with Section I.g.2. of this Court's Individual Practices in Civil Cases and the Southern District of New York's ECF Rules & Instructions, Section 6, Defendants DLA Piper LLP (US) and Caryn Schechtman ("DLA" or "Defendants") respectfully submit this letter motion requesting leave to file under seal and with limited redactions portions of Exhibit D to the Declaration of Nancy Hart in Support of Defendants' Application Fees and Costs ("Exhibit D").

Pursuant to this Court's order of July 18, 2024, Defendants will file today "briefing on the amount of the sanctions award" ordered by the District Court on March 6, 2024.  ECF 74; *see* ECF 65 (the "Sanctions Award").  Exhibit D, which will be among the papers filed in support of that briefing, is a compilation of the time entries underlying Defendants' fee request derived from the systems and contemporaneous billing records of their counsel at Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), and includes detailed narrative descriptions of legal work performed on this matter by Gibson Dunn.  Defendants propose to file redacted versions of these narrative descriptions under seal—as they reflect confidential information that is protected by attorney-client privilege and the work product doctrine.  Specifically, Defendants, with this Court's permission, will (i) publicly file a version of Exhibit D that redacts all narrative descriptions of Gibson Dunn's legal work (but other information such as timekeeper, hours billed, and amount billed, unredacted); and (ii) file under seal a version of Exhibit D with limited redactions of material protected by attorney-client privilege and work product protection that will also be provided to Plaintiff.[1]

---

[1] If necessary and at this Court's request, Defendants will provide to this Court a fully unredacted version of Exhibit D for *in camera* inspection.  *See, e.g., Peerless Network, Inc. v. AT&T Corp.*, 2024 WL 20840, *4 (S.D.N.Y. Jan. 2, 2024) ("The Court has reviewed in camera the unredacted billing

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · San Francisco · Singapore · Washington, D.C.

GIBSON DUNN

The Honorable Valerie Figueredo
Page 2

In deciding a motion to seal, this Court must balance the "common law right of access to judicial documents" against competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "Courts in this circuit have often found privilege to be a compelling reason to overcome the presumption of access." *Altana Credit*, 2023 WL 7924626, at *1–2; *see Flatiron Acquisition Vehicle, LLC v. CSE Mortgage LLC*, 2021 WL 4481853, at *2 (S.D.N.Y. Sept. 29 2021) (collecting cases that have "found privilege to be a compelling reason to overcome the presumption of access"). Accordingly, this Court has on numerous occasions granted morions to seal billing records submitted in support of applications for fees and costs. *See Altana Credit*, 2023 WL 7924626, at *1–2 (granting motion to seal "narrative descriptions of … billing records" filed in support of an award of fees and expenses); *Ottoson v. SMBC Leasing and Fin., Inc.*, 2021 WL 839437, at *3 n.1 (S.D.N.Y. Mar. 5, 2021) (granting motion to seal attorney billing records filed in support of an application for fees and costs); *Seaport Glob. Holdings LLC v. Petaquilla Minerals Ltd.*, 2020 WL 3428151, at *1 n.1 (S.D.N.Y. June 23, 2020) (granting motion to seal attorney billing records filed in support of an application for fees and costs).[2]

Here, Exhibit D reflects time records and billing statements that are "detailed in showing services, conversations, and conferences between counsel and others" and would disclose "the legal work that has been done by [Gibson Dunn]." *Flatiron Acquisition*, 2021 WL 4481853, at *2. Those statements are thus privileged. *Id.* (granting request to seal with respect to narrative entries in billing records, but not billing rates or billed amounts); *see also Bretillot v. Burrow*, 2015 WL 5306224, at *25 (S.D.N.Y. June 30, 2015) ("We also readily accept … that attorney-client privilege protects petitioner's billing records and his memorandum in support of his fee application …. [T]ime records which also reveal … the specific nature of the services provided, such as researching particular areas of the law, fall within the privilege."). The limited proposed redaction of that information—Defendants do not seek for example to redact non-privileged information about Gibson

---

records for AT&T … [which] include sufficient information to permit the Court to assess the reasonableness of the work performed."); *Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, 2023 WL 7924626, at *1–2 (S.D.N.Y. Nov. 16, 2023) (granting motion to seal and file attorney billing records with redactions after the moving party provided unredacted records for *in camera* review); *PNC Bank, N.A. v Dana Transp., Inc.*, 2023 WL 5702165, at *8 (S.D.N.Y. Sept. 5, 2023) ("In an abundance of caution, and because some of the entries provided more limited information as redacted, the Court requested and reviewed the unredacted portions of the billing records to review *in camera*. This review confirms that the topics for the research and discussions were relevant to this dispute, and that most of the time expended was reasonable"). In doing so, and by making this filing, Defendants do not intend to waive any applicable privilege or protection with respect to the information in Exhibit D, all of which is expressly reserved.

[2] Where, as here, the materials to be sealed are not being introduced at a trial or filed in support of a dispositive motion, "the presumption of public access that attaches … is lower." *Richards v. Kallish*, 2023 WL 7126311, at *2 (S.D.N.Y. Oct. 30, 2023) (granting motions to seal exhibits reflecting attorney's fees and costs filed in support of requests for sanctions).

# GIBSON DUNN

The Honorable Valerie Figueredo
Page 3

Dunn's billing rates or billed amounts, *see, e.g.*, *Altana Credit*, 2023 WL 7924626, at *1–2—are narrowly targeted to preserve that privilege, as well as applicable work product protection.

Accordingly, DLA respectfully asks that this Court grant leave (i) publicly to file a version of Exhibit D that redacts all narrative descriptions of Gibson Dunn's legal work; and (ii) file under seal a version of Exhibit D with more limited redactions, which will be provided to Plaintiff.

Respectfully submitted,

*/s/ Nancy Hart*

Nancy Hart

cc: All counsel of record (via ECF)

---

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
DATED: September 4, 2024

The sealing request herein is granted. The Clerk of Court is respectfully directed to permanently retain the viewing restrictions on ECF No. 80. The Clerk of Court is also directed to terminate the motion at ECF No. 77.