**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

Nancy Hart
Direct: 212.351.3897
nhart@gibsondunn.com

October 22, 2024

<u>VIA ECF</u>

The Honorable Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *China AI Capital Limited v. DLA Piper LLP (US), et al.*, No. 1:21-cv-10911

Dear Judge Figueredo:

In accordance with Section I.g.2. of this Court's Individual Practices in Civil Cases and the Southern District of New York's ECF Rules & Instructions, Section 6, Defendants DLA Piper LLP (US) and Caryn Schechtman ("DLA" or "Defendants") respectfully submit this letter motion requesting leave to file under seal and with limited redactions portions of Exhibit A to the Supplemental Declaration of Nancy Hart in further Support of Defendants' Application for Fees and Costs ("Exhibit A").

Pursuant to this Court's order of July 18, 2024, Defendants filed on September 3, 2024 their opening "briefing on the amount of the sanctions award" ordered by the District Court on March 6, 2024. ECF 74; *see* ECF 78. In connection with that opening brief, Defendants sought leave to file a compilation of the time entries underlying Defendants' fee request under seal and with limited redactions to the detailed narrative descriptions of legal work performed on this matter by their counsel at Gibson, Dunn & Crutcher LLP ("Gibson Dunn"). *See* ECF 77. The basis for the request was that those descriptions reflected confidential information protected by the attorney-client privilege and the work product doctrine. *Id.* The Court granted Defendants' request on September 5, 2024. ECF 81.

The basis for Defendants' request with respect to Exhibit A is the same, as Exhibit A reflects additional fees incurred by Defendants since those accounted for in the opening brief, and it contains similar detailed narrative descriptions that reveal confidential information protected by the attorney-client privilege and the work product doctrine. As they did in connection with the opening briefing, and with this Court's permission, Defendants will (i) publicly file a version of Exhibit A that redacts all narrative descriptions of Gibson Dunn's legal work (but with other information, such as timekeeper, hours billed, and amount billed, unredacted); and (ii) file under seal a version of Exhibit A with limited redactions

**GIBSON DUNN**

The Honorable Valerie Figueredo
Page 2

of material protected by the attorney-client privilege and work product doctrine that will also be provided to Plaintiff.[1]

In deciding a motion to seal, this Court must balance the "common law right of access to judicial documents" against competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "Courts in this circuit have often found privilege to be a compelling reason to overcome the presumption of access." *Altana Credit*, 2023 WL 7924626, at *1–2; *see Flatiron Acquisition Vehicle, LLC v. CSE Mortgage LLC*, 2021 WL 4481853, at *2 (S.D.N.Y. Sept. 29 2021) (collecting cases that have "found privilege to be a compelling reason to overcome the presumption of access"). Accordingly, this Court has on numerous occasions granted motions to seal billing records submitted in support of applications for fees and costs. *See Altana Credit*, 2023 WL 7924626, at *1–2 (granting motion to seal "narrative descriptions of … billing records" filed in support of an award of fees and expenses); *Ottoson v. SMBC Leasing and Fin., Inc.*, 2021 WL 839437, at *3 n.1 (S.D.N.Y. Mar. 5, 2021) (granting motion to seal attorney billing records filed in support of an application for fees and costs); *Seaport Glob. Holdings LLC v. Petaquilla Minerals Ltd.*, 2020 WL 3428151, at *1 n.1 (S.D.N.Y. June 23, 2020) (granting motion to seal attorney billing records filed in support of an application for fees and costs).[2]

Here, Exhibit A reflects time records and billing statements that are "detailed in showing services, conversations, and conferences between counsel and others" and would disclose "the legal work that has been done by [Gibson Dunn]." *Flatiron Acquisition*, 2021 WL 4481853, at *2. Those statements are thus privileged. *Id.* (granting request to seal with respect to narrative entries in billing records, but not billing rates or billed amounts); *see also Bretillot v. Burrow*, 2015 WL 5306224, at *25 (S.D.N.Y. June 30, 2015) ("We also readily accept … that attorney-client privilege protects

---

[1] If necessary and at this Court's request, Defendants will provide to this Court a fully unredacted version of Exhibit A for *in camera* inspection. *See, e.g., Peerless Network, Inc. v. AT&T Corp.*, 2024 WL 20840, *4 (S.D.N.Y. Jan. 2, 2024) ("The Court has reviewed in camera the unredacted billing records for AT&T … [which] include sufficient information to permit the Court to assess the reasonableness of the work performed."); *Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, 2023 WL 7924626, at *1–2 (S.D.N.Y. Nov. 16, 2023) (granting motion to seal and file attorney billing records with redactions after the moving party provided unredacted records for *in camera* review); *PNC Bank, N.A. v Dana Transp., Inc.*, 2023 WL 5702165, at *8 (S.D.N.Y. Sept. 5, 2023) ("In an abundance of caution, and because some of the entries provided more limited information as redacted, the Court requested and reviewed the unredacted portions of the billing records to review *in camera*. This review confirms that the topics for the research and discussions were relevant to this dispute, and that most of the time expended was reasonable"). In doing so, and by making this filing, Defendants do not intend to waive any applicable privilege or protection with respect to the information in Exhibit A, all of which is expressly reserved.

[2] Where, as here, the materials to be sealed are not being introduced at a trial or filed in support of a dispositive motion, "the presumption of public access that attaches … is lower." *Richards v. Kallish*, 2023 WL 7126311, at *2 (S.D.N.Y. Oct. 30, 2023) (granting motions to seal exhibits reflecting attorney's fees and costs filed in support of requests for sanctions).

# GIBSON DUNN

The Honorable Valerie Figueredo
Page 3

petitioner's billing records and his memorandum in support of his fee application …. [T]ime records which also reveal … the specific nature of the services provided, such as researching particular areas of the law, fall within the privilege."). The limited proposed redaction of that information—Defendants do not seek for example to redact non-privileged information about Gibson Dunn's billing rates or billed amounts, *see, e.g.*, *Altana Credit*, 2023 WL 7924626, at *1–2—are narrowly targeted to preserve that privilege, as well as applicable work product protection.

Accordingly, DLA respectfully asks that this Court grant leave (i) to file publicly a version of Exhibit A that redacts all narrative descriptions of Gibson Dunn's legal work; and (ii) to file under seal a version of Exhibit A with more limited redactions, which will be provided to Plaintiff.

Respectfully submitted,

/s/  Nancy E. Hart

Nancy E. Hart

cc: All counsel of record (via ECF)

---

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated:** 10/23/24

The motion to seal is GRANTED. The Clerk of Court is respectfully directed to permanently seal Exhibit A at ECF No. 91.

The Clerk of Court is directed to terminate the motion at ECF No. 87.