**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHINA AI CAPITAL LIMITED, a British Virgin Islands limited company, derivatively on behalf of LINK MOTION INC., a Cayman Islands limited company f/k/a NQ MOBILE INC., <br><br> Plaintiff, <br><br> -against- <br><br> DLA PIPER LLP (US), a Maryland limited liability partnership, and CARYN G. SCHECHTMAN, a natural person, <br><br> Defendants, <br><br> -and- <br><br> LINK MOTION INC., a Cayman Islands limited company f/k/a NQ MOBILE INC, <br><br> Nominal Defendant. | No.: 1:21-cv-10911-VM-VF |

## PARTIAL OBJECTIONS TO THE MAY 22, 2025 REPORT & RECOMMENDATION REGARDING FEES AND COSTS SUBMITTED BY CHINA AI CAPITAL LIMITED & ITS COUNSEL

FELICELLO LAW P.C.
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806
*Attorneys for Plaintiff China AI Capital Limited*

On the brief:  Michael James Maloney
Rosanne E. Felicello

i

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................ i

LEGAL STANDARD ............................................................... 1

STATEMENT OF RELEVANT PROCEDURAL HISTORY ...................... 2

SPECIFIC OBJECTIONS ......................................................... 7

    A.    Plaintiff objects to the Magistrate Judge's finding that shareholder notice could not be waived. .................................................... 7

    B.    Plaintiff objects to the recommendation to award fees for work on the Rule 11 motion. ............................................................... 10

    C.    Plaintiff objects to reliance on matters outside the scope of the Rule 11 Notice in determination of a fee. ............................................ 11

    D.    Plaintiff objects to the hourly rates accepted in the R&R. ...................... 13

    E.    Plaintiff objects to the overall amount of the award under the circumstances. ................................................................. 15

CONCLUSION ..................................................................... 17

## TABLE OF AUTHORITIES

**Cases**

*(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, No. 21-CV-11096 (LJL),
   2023 WL 112552 (S.D.N.Y. Jan. 4, 2023) .................................................... 11, 13, 16

*Abraham v. Leigh*, No. 17 CIV. 5429 (KPF),
   2020 WL 5512718 (S.D.N.Y. Sept. 14, 2020) ......................................................... 13

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany
   Cnty. Bd. of Elections*,
   522 F.3d 182 (2d Cir. 2008) ....................................................................................... 14

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*,
   369 F.3d 91 (2d Cir. 2004) ......................................................................................... 14

*Baliga v. Link Motion Inc.*, No. 18CV11642 (VM) (DF),
   2022 WL 2531535 (S.D.N.Y. Mar. 9, 2022) ......................................................... 5, 6

*Bounkhoun v. Barnes*, No. 15-CV-631-A,
   2018 WL 1805552 (W.D.N.Y. Apr. 17, 2018) ......................................................... 14

*Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.*,
   28 F.3d 259 (2d Cir.1994) .......................................................................................... 14

*Cesari S.r.l. v. Peju Province Winery L.P.*, No. 17 CIV. 873 (NRB),
   2024 WL 3374358 (S.D.N.Y. July 11, 2024) ........................................................... 15

*China AI Cap. Ltd. v. DLA Piper LLP (US)*, No. 21CV10911VMVF,
   2023 WL 5016492 (S.D.N.Y. July 28, 2023) ............................................................. 5

*Creighton v. Taylor*, No. B-90-151 (WWE),
   1990 WL 181533 (D. Conn. Oct. 22, 1990) ............................................................... 8

*Estate of Calloway v. Marvel Entertainment Group*,
   9 F.3d 237 (2d Cir.1993) ............................................................................................ 14

*Finkel v. Zizza & Assocs. Corp.*, No. 12-CV-4108 (JS)(ARL),
   2023 WL 8455937 (E.D.N.Y. Dec. 6, 2023) ............................................................ 15

*Friedman v. Self Help Cmty. Servs., Inc.*, No. 11-CV-3210(NGG)(JO), 2017 WL
   663539 (E.D.N.Y. Feb. 17, 2017) .............................................................................. 16

*Gibbs v. Acting Comm'r of Soc. Sec.*, No. 20 Civ. 6225 (NSR) (JCM),
   2023 WL 21867 (S.D.N.Y. Jan. 3, 2023) ............................................................... 1, 2

i

*Goodyear Tire & Rubber Co. v. Haeger*,
   581 U.S. 101 (2017) ................................................................................... 12

Greene v. WCI Holdings Corp.,
   956 F. Supp. 509 (S.D.N.Y. 1997) ............................................................. 1

*In re Pennie & Edmonds LLP*,
   323 F.3d 86 (2d Cir. 2003) ......................................................................... 11

*Lawrence v. Richman Grp. of CT LLC*,
   620 F.3d 153 (2d Cir. 2010) ................................................................ 10, 11, 12

*Levine v. Cnty. of Westchester*,
   164 F.R.D. 372 (S.D.N.Y. 1996) ............................................................ 13, 14

*Link Motion Inc. v. DLA Piper LLP (US)*, No. 22 CIV. 8313 (VM),
   2023 WL 3687731 (S.D.N.Y. May 26, 2023) ......................................... 4, 10

*Link Motion Inc. v. DLA Piper LLP*,
   103 F.4th 905 (2d Cir. 2024) ............................................................... 4, 7, 9

*Moss v. Colvin*,
   845 F.3d 516 (2d Cir. 2017) ....................................................................... 2

*Oliveri v. Thompson*,
   803 F.2d 1265 (2d Cir. 1986) ..................................................................... 17

*PGH Inv., L.P. v. Colorado Realty Grp., LLC*, No. 11-CV-02489-CMA-CBS, 2013 WL
   1876754 (D. Colo. May 3, 2013) ............................................................... 8

*Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449 (E.D.N.Y. 1995) ....... 11

*Schottenstein v. Schottenstein*,
   230 F.R.D. 355 (S.D.N.Y. 2005) ............................................................... 10

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
   682 F.3d 170 (2d Cir. 2012) ................................................................. 12, 16

*Storey v. Cello Holdings, L.L.C.*,
   347 F.3d 370 (2d Cir. 2003) ....................................................................... 12

*United States v. Snow*,
   462 F.3d 55 (2d Cir. 2006) ......................................................................... 2

*Watson v. Geithner*, 11 Civ. 9527 (AJN),
   2013 WL 5441748 (S.D.N.Y. Sept. 27, 2013) .......................................... 2

*Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, No. 23-CV-5262 (LJL),
    2024 WL 3409278 (S.D.N.Y. July 15, 2024) ..................................................... 13, 15

*Zizzia & Assocs. Corp. v. Finkel*, No. 24-148,
    2024 WL 1672247 (2d Cir. Feb. 8, 2024) ................................................................. 16

**Statutes**

28 U.S.C. § 636(b)(1) ........................................................................................................ 1

28 U.S.C. § 636(b)(1)(C)................................................................................................... 2

**Other Authorities**

10 Fed. Proc., L. Ed. § 25:167                                                    9

10 Fed. Proc., L. Ed. § 25:172                                                    9

12 Fed. Prac. & Proc. Civ. § 3070.2 (3d ed.)                          2

7 Pt. 2 James Wm. Moore, Moore's Federal Practice, P 72.04[10.-2] (1995)     1

Plaintiff China AI Capital Limited ("China AI" or "Plaintiff") and its counsel, Rosanne E. Felicello and Michael James Maloney, of Felicello Law P.C., hereby submit the following specific objections to the Report & Recommendation of Magistrate Judge Valerie Figueredo, dated May 22, 2025 (ECF No. 99) (the "R&R") regarding the quantum of attorney's fees and costs requested by Defendants DLA Piper LLP (US) and Caryn Schechtman (together, "Defendants" or "DLA").

## LEGAL STANDARD

It is appropriate for the Court to apply *de novo* review to the portions of the Magistrate Judge's Report and Recommendation to which Plaintiff objects. "A judge of the court *shall* make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). *See also* Fed. R. Civ. P. 72(b)(3); *Gibbs v. Acting Comm'r of Soc. Sec.*, No. 20 Civ. 6225 (NSR) (JCM), 2023 WL 21867, *4 (S.D.N.Y. Jan. 3, 2023). "*De novo* review 'means reconsideration afresh by the district judge in this sense: no presumption of validity applies to the magistrate's findings or recommendations.'" *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509 (S.D.N.Y. 1997), *quoting* 7 Pt. 2 James Wm. Moore, Moore's Federal Practice, P 72.04[10.-2], at 72-96 (1995); 12 Fed. Prac. & Proc. Civ. § 3070.2 (3d ed.). "[T]here are instances where the Court should still consider a plaintiff's objections under a de novo review rather than for clear error even though a plaintiff previously raised the same arguments before the Magistrate Judge . . ." *Gibbs*, 2023 WL 21867, at *5-6 (citations omitted.) *See Moss v. Colvin*, 845 F.3d 516,

520 n.2 (2d Cir. 2017)[1]; *Watson v. Geithner*, 11 Civ. 9527 (AJN), 2013 WL 5441748, \*2 (S.D.N.Y. Sept. 27, 2013).[2]

It is only appropriate to apply the clear error standard to those parts of the report and recommendation "to which no timely objection has been made" or which "makes only general and conclusory objections." *Gibbs*, 2023 WL 21867, at \*2. A Magistrate Judge has committed "clear error" where, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006). *Wu Lin v. Lynch*, 813 F.3d 122, 128 (2d Cir. 2016) ("[E]even if there is substantial evidence to support a finding of fact, a reviewing court . . . can conclude, with sufficient justification, that a "clear error" has been committed"). This Court should apply *de novo* review to each of the findings specifically objected to below. But even under the clearly erroneous standard, the Magistrate Judge committed clear error.

## STATEMENT OF RELEVANT PROCEDURAL HISTORY

The Complaint in this action was filed on December 20, 2021 derivatively on behalf of Link Motion Inc. ("Link Motion" or the "Company"). On March 7, 2022, Defendants served a Rule 11 notice (the "Rule 11 Notice") on Plaintiff and its counsel. *See* ECF No. 37-14 at 19-30. On March 21, 2022, Defendants filed a request for a pre-motion conference regarding an anticipated motion to dismiss. ECF No. 16.

---

[1] The Second Circuit expressed skepticism that clear error review, as opposed to *de novo* review, is appropriate where arguments are reiterated, noting that "where arguably 'the only way for [Moss] to raise . . . arguments [on that point] [was] to reiterate them.'"

[2] The district court observed that although "[c]ourts in this district often state that clear error review is also appropriate if a party's objection 'simply reiterates [the party's] original arguments[,] . . . support for that doctrine is arguably lacking in the language of both 28 U.S.C. § 636(b)(1)(C)."

Effective August 25, 2022, the preliminary injunction against Link Motion was dissolved and the court-appointed receiver for Link Motion be discharged subject to an accounting.[3] ECF No. 42-25. On September 2, 2022, counsel for Plaintiff advised Defendants that Plaintiff would likely file a voluntary dismissal in light of Link Motion's assumption of control over the malpractice claim in a direct action filed as *Link Motion Inc. v. DLA Piper LLP (US) et al.*, Index No. 653322/2022 (Sup. Ct. NY Cty) (the "Direct Action"). *See* ECF No. 80-4 at 27 (9/2/2022 time entry by Peter Wade); ECF No. 26. On September 6, 2022, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice pursuant to Rule 41(a)(1)(A)(i). ECF No. 22, 23.

On September 9, 2022, Defendants filed an opposition to the voluntary dismissal. ECF No. 25. On September 14, 2022, the Court directed the parties to submit proposed notices to shareholders of Link Motion regarding the dismissal. Plaintiff filed a proposed notice to shareholders on September 19, 2022, ECF Nos. 30, 30-1, but Defendants again opposed dismissal. ECF No. 34. The Court did not issue an order regarding the proposed notice and did not dismiss the case at that time.

One week later, on September 26, 2022, Defendants filed a motion for sanctions pursuant to Rule 11. ECF No. 35. The Rule 11 motion was fully briefed by November 4, 2022. *See* ECF Nos. 41-45.

Meanwhile, Defendants removed the Direct Action from state court to this Court, where Judge Marrero denied Link Motion's motion to remand. *Link Motion Inc. v. DLA Piper LLP (US)*, No. 22 CIV. 8313 (VM), 2022 WL 17884167, at *1 (S.D.N.Y.

---

[3] The Court subsequently clarified its August 25, 2022 order.

Dec. 23, 2022).

About 8 months after Plaintiff had first filed its notice of voluntary dismissal, on May 10, 2023, this Court scheduled a conference for June 1, 2023 "to address the parties' dispute over Plaintiff's proposed notice to Link Motion shareholders regarding Plaintiff's request for voluntary dismissal." ECF No. 46.

On Friday, May 26, 2023, Judge Marrero dismissed the Direct Action on the grounds that it was not filed within the statute of limitations, expressly not reaching the merits of the legal malpractice claim and noting that the China AI legal malpractice claim had been timely filed. *Link Motion Inc. v. DLA Piper LLP (US)*, No. 22 CIV. 8313 (VM), 2023 WL 3687731 (S.D.N.Y. May 26, 2023).[4]

On May 30, 2023, Plaintiff's counsel filed a letter in this action requesting that the Court adjourn the June 1, 2023 conference so that counsel could have the opportunity to conference with Plaintiff about the effect of dismissal of the Direct Action and Plaintiff's voluntary withdrawal of this case. *See* ECF No. 47. Judge Figueredo denied the requested adjournment. ECF No. 48.

At the June 1, 2023 conference, Plaintiff requested "additional time to consider the circumstances and determine how they want to proceed." ECF No. 51 at 11:2-4. The Magistrate Judge requested a letter submission. In a June 16, 2023 letter in response to Judge Figueredo's request, Plaintiff requested a stay of proceedings while Judge Marrero's dismissal of the Direct Action remained subject to reconsideration and

---

[4] This decision has now been vacated. *See Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905 (2d Cir. 2024).

appeal.[5] ECF No. 49 at p.2. Plaintiff's letter also provided an explanation for why it requested a stay, *i.e.*, to allow time for Plaintiff to consider alternative courses of action such as seeking leave to withdraw its voluntary motion to dismiss and/or amendment of the complaint. *See* ECF No. 49. Plaintiff never filed a motion for leave to withdraw its voluntary dismissal or to amend the Complaint. *See* ECF No. 49 at 1 (referring to "potential" courses of action).

About a week later, on July 24, 2023, the Hon. Magistrate Judge Valerie Figueredo issued a Report & Recommendation recommending that Defendants' sanctions motion be granted. ECF No. 53, 58;[6] *China AI Cap. Ltd. v. DLA Piper LLP (US), No. 21CV10911VMVF, 2023 WL 5016492 (S.D.N.Y. July 28, 2023)* (the "July 24, 2023 R&R"). The July 24, 2023 R&R recommended awarding sanctions under Rule 11. The July 24, 2023 R&R concluded, *inter alia*, that "even if Defendants, in response to the TRO or preliminary injunction motions, had argued that Baliga lacked standing to bring his claims, the outcome would have remained the same, because, as the Court later concluded, it had jurisdiction to appoint the Receiver." ECF No. 58 at 26. In support of this conclusion, the July 24, 2023 R&R cited the Court's August 25, 2022 decision in the underlying action, which was entered eight months *after* Plaintiff had filed its Complaint. *See* ECF No. 58 at 26, citing "ECF No. 227 at 21-30, No. 18-cv-11642" filed in this action at ECF No. 42-25, and "ECF No. 227 at 21-30, No. 18-CV-11642", available at *Baliga v. Link Motion Inc., No. 18CV11642 (VM) (DF), 2022 WL 2531535 (S.D.N.Y. Mar. 9, 2022)*. These decisions in the underlying action found that

---

[5] Judge Marrero's dismissal was vacated with instructions to remand to state court.
[6] ECF No. 58 amended ECF No. 53.

regardless of the Courts' jurisdiction under the securities laws, the preliminary injunction and receivership should be dissolved. *See* ECF No. 42-25 at 16 and *Baliga, 2022 WL 2531535, at \*15-19*.

The July 24, 2023 R&R also found that shares of FL Mobile had already been transferred to the possession of Tongfang before commencement of the underlying action. ECF No. 53 at 16-21. In support of this conclusion, the Magistrate Judge found that "the company, consistent with the Equity Pledge Agreement, represented that it had 'the ability to recover the shares it has sold to Tongfang if Tongfang fails to pay its RMB 1.77 billion senior note delivered in payment for those shares.'" ECF No. 53 at 21-22, citing ECF No. 37-12 at 6 (emphasis added). The Magistrate Judge further concluded that "Link Motion was obligated to transfer the Link Motion shares in December 2017", ECF No. 53 at 20, citing ECF No. 42-17 ¶¶21-22,[7] and "[t]he use of the word 'recover' by Link Motion in reference to the FL Mobile shares further demonstrates that it no longer had possession of those shares." ECF No. 53 at 22.

On August 21, 2023, Plaintiff filed objections to the July 24, 2023 R&R. ECF No. 63. Defendants responded to the objections on September 18, 2023. ECF No. 64. In a March 6, 2024 Decision and Order (the "Sanctions Decision"), the Court adopted the July 24, 2023 R&R over Plaintiff's objections. ECF No. 65; *China AI Cap. Ltd. on behalf of Link Motion Inc., 2024 WL 964596, at \*1*. The Court never ruled on or addressed the

---

[7] But see ECF No. 42-17 ¶19(2) ("Tongfang's obligation to redeem the Senior Note (valued at RMB 1,770 million as at 14 December 2017) was ***thereafter*** to be set off against the delivery by NQ International of shares in FL Mobile and Beijing Showself. This set-off arrangement was acknowledged by a letter dated 14 December 2017 from NQ International to Mr. Daniel Li of Tongfang.") (emphasis added).

adequacy of the proposed notice to shareholders that was asserted by Defendants as the basis to oppose Plaintiff's September 6, 2022 voluntary dismissal. Instead, the Court simply dismissed the Complaint without notice to shareholders. ECF No. 65 at 47.

On March 20, 2024, the Court stayed all motion practice on this "matter" and directed the parties to participate in a settlement conference. ECF No. 71.

On June 10, 2024, the Second Circuit vacated the Court's May 26, 2023 Decision and Order in the Direct Action. *See Link Motion Inc.*, 103 F.4th 905 . In light of the Second Circuit's decision, and the conclusion that settlement was not possible,[8] Plaintiff requested that the stay of the "matter" be lifted so that Plaintiff could file a motion for reconsideration of the Sanctions Decision. ECF No. 75. The Court advised that its stay of the "matter" applied only to the briefing of the quantum of sanctions and did not stay the time under Local Civil Rule 6.3 for reconsideration of the Sanctions Decision. ECF No. 76.

On May 22, 2025, the Magistrate Judge issued the R&R. *See* ECF No. 99. The R&R correctly found that an "an across-the-board" reduction in the requested hours was merited. ECF No. 99 at 26.

## SPECIFIC OBJECTIONS

### A. Plaintiff objects to the Magistrate Judge's finding that shareholder notice could not be waived.

On pages 23-24 of the R&R, the Magistrate Judge dismissed Plaintiff's argument that "the causal chain between the purported Rule 11 violations in the Complaint and

---

[8] The settlement conference occurred on July 17, 2024. *See* ECF Minute Entry dated July 17, 2024.

Defendants' claimed fees and expenses" was "brok[en]" by the Court's decision to decline to grant Plaintiff's September 6, 2022 request for voluntary dismissal. In doing so, the Magistrate Judge cited Defendants' argument that notice to shareholders was required before this case could have been dismissed. ECF 99 at 23, citing ECF No. 89 at 8.

Plaintiff objects to the Magistrate Judge's failure to consider the legal authorities, cited by Plaintiff, holding that the notice to shareholders ordinarily required under Rule 23.1(c) can be waived by the District Court. *See* ECF 85 at 21, citing ECF 26 which cites *Creighton v. Taylor*, No. B-90-151 (WWE), 1990 WL 181533, at *1 (D. Conn. Oct. 22, 1990) and *PGH Inv., L.P. v. Colorado Realty Grp., LLC*, No. 11-CV-02489-CMA-CBS, 2013 WL 1876754, at *3 (D. Colo. May 3, 2013). The R&R failed to address any of these legal authorities and failed to apply them to the facts and circumstances of this case. Where there was no settlement and the notice of dismissal was made before an answer, the rationale for notice ordinarily required under Rule 23.1(c) does not apply. *See id*. *See also* 10 Fed. Proc., L. Ed. § 25:167 "Notice to shareholders is not required where there is no compromise or abandonment of any actually existing valid claim. . . ."; 10 Fed. Proc., L. Ed. § 25:172 (discussing circumstances where Rule 23.1(c) notice may be waived by the court).

The R&R correctly noted that "the Court required Plaintiff to file a proposed notice." ECF 99 at 23, citing ECF no. 58 at 10. But the R&R failed to note that Plaintiff timely filed its revised proposed notice on September 18, 2022. ECF No. 30, 30-1. Defendants *again* opposed dismissal of the case in their letter dated September 26, 2022. ECF No. 34. And the Court did not rule on the adequacy of Plaintiff's proposed

notice. The notice to shareholders was not the impediment to dismissal. Rather it was Defendants' continued objection to dismissal that protracted this action.

The most compelling evidence that the Court had the power to waive—and did waive—the shareholder notice requirement of Rule 23.1(c) is that on March 6, 2024, this Court dismissed Plaintiff's derivative claim without notice to shareholders. *See* ECF No. 65 at 47 ("ORDERED that the complaint filed in this action by plaintiff China AI and its counsel (see Dkt. No. 1) is hereby DISMISSED with prejudice.") But for Defendants' objections on September 14, 2022 and September 26, 2022, the Court could have dismissed this action in September 2022 without notice to shareholders.

Further, the R&R describes Plaintiff's June 16, 2023 submission as an attempt "to revoke" the voluntary dismiss. ECF 99 at 23-24. But not only did this occur almost one year after the notice of voluntary withdrawal, the primary relief requested in the June 16, 2023 submission was a *stay* of proceedings (ECF No. 49 at 2) to permit Plaintiff time to consider the import of the Court's May 26, 2023 Decision and Order (the "LKM Decision and Order") in the related action *Link Motion Inc. v. DLA Piper LLP (US) et al.*, 1:22-cv-08313-VM. The LKM Decision and Order was later vacated with instructions by the Second Circuit. *See Link Motion Inc.*, 103 F.4th 905. Ultimately, the subsequent request for a stay does not change the fact that Plaintiff requested dismissal on September 6, 2022, Defendants opposed that request, and Plaintiff never made a motion to revoke its voluntary dismissal.

Accordingly, Defendants' opposition to voluntary dismissal was unnecessary and caused the litigation that occurred after September 6, 2022.

## B. Plaintiff objects to the recommendation to award fees for work on the Rule 11 motion.

At pages 24-25 of the R&R, the Magistrate Judge rejects Plaintiff's argument that the Court should decline to award fees for Defendants' work on the Rule 11 motion. In support of this recommendation, the Magistrate Judge cites several Southern District of New York cases and one Eastern District of New York case. But the upshot of these cases is that the Court has discretion to decline to award fees for the Rule 11 motion itself. *See*, *e.g.*, *Schottenstein v. Schottenstein*, 230 F.R.D. 355, 362 (S.D.N.Y. 2005) ("The Rule allows, but does not require, the district court to award a prevailing party "the reasonable expenses and attorneys' fees incurred in presenting or opposing the motion.").

In this case, it would be appropriate for the Court to deny Defendants' request for an award of fees in preparing the Rule 11 motion. The record here shows that Defendants delayed in filing their Rule 11 motion until *after* objecting to Plaintiff's earlier filed voluntarily dismissal. *See* ECF No. 22 (notice of voluntary dismissal filed on September 6, 2022); ECF No. 27 (Defendants' first objection); ECF No. 34 (Defendants' objection); ECF No. 35 (motion filed on September 26, 2022). Defendants objected to dismissal twice before filing their Rule 11 motion. *See* ECF Nos. 25, 27, 34. By the time Defendants filed their Rule 11 motion, it was too late because the case was "effectively dismissed." *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010) (no sanctions when motion filed after complaint was "effectively dismissed"). *See also* *Link Motion Inc.*, 2023 WL 3687731, at *7 n.11 (acknowledging that the this action "was voluntarily dismissed by China AI"), *reconsideration denied sub nom. Link*

*Motion Inc. v. DLA Piper LLP*, No. 22 CIV. 8313 (VM), 2023 WL 4080638 (S.D.N.Y. June 20, 2023), *vacated and remanded,* 103 F.4th 905 (2d Cir. 2024).

Under these circumstances, the Court should exercise its discretion to deny Defendants' request for fees for preparation of the Rule 11 motion. *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003) (collecting cases) ( "Although Rule 11 contains no explicit time limit for serving the motion, the 'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission"); *Lawrence*, 620 F.3d at 158 ; *Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449, 452 (E.D.N.Y. 1995) (noting that "the complaint was voluntarily withdrawn prior to the filing of the motion, which act immunized plaintiff's counsel"); *(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co., No. 21-CV-11096 (LJL)*, 2023 WL 112552, at *3 (S.D.N.Y. Jan. 4, 2023) ("the award of attorneys' fees incurred in bringing the motion for sanctions on top of those incurred in defending against the Amended Complaint would be too severe based on the facts at hand").

### C. Plaintiff objects to reliance on matters outside the scope of the Rule 11 Notice in determination of a fee.

At pages 25-26 of the R&R, the Magistrate Judge relied on certain events that occurred after service of the Rule 11 notice. ECF No. 99 at 25-26. More specifically, the Magistrate Judge referred to the filing of a direct claim by Link Motion in New York Supreme Court and a request by Plaintiff in this case to stay the case. ECF No. 99 at 25-26. These events occurred in September 2022 and June 2023, long after the service

of the Rule 11 Notice in March of 2022, and are not referred to or mentioned in the text of the Rule 11 Notice. *See* ECF No. 23; ECF No. 49; ECF No. 37-14 at 19-30.

It was improper to rely on these subsequent events in determination of the fee because "only conduct explicitly referred to in the instrument providing notice is sanctionable." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012), citing *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003).

Here, neither the direct filing by Link Motion nor the request for a stay were identified as allegedly frivolous conduct in the Rule 11 Notice served by Defendants on March 7, 2022. ECF No. 37-14. Moreover, Plaintiff and counsel were not afforded an opportunity to withdraw the June 2023 letter, and the September 2022 Direct Action was not filed in this case. *Lawrence*, 620 F.3d at 158 ("Rule 11 does not, after all, authorize sanctions for merely frustrating conduct. It authorizes sanctions only for the filing of a document with the court that fails to satisfy the rule's certification requirements.")

Accordingly, it was improper to consider those events in connection with the assessment of fees. *See* Monetary sanctions for Rule 11 violations—Attorney's fees and expenses, 27A Fed. Proc., L. Ed. § 62:784 (monetary sanctions must be limited to an amount to compensate for fees and costs "directly and unavoidably caused by the violation of the Rule"). *See also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017) (sanctions "order is limited to the fees the innocent party incurred solely because of the misconduct").

**D. Plaintiff objects to the hourly rates accepted in the R&R.**

The Magistrate Judge's suggestion that it was reasonable and necessary for Defendants to expend significant time and effort to defend this case is inconsistent with the Court's prior finding of frivolousness. *See Levine v. Cnty. of Westchester*, 164 F.R.D. 372, 375 (S.D.N.Y. 1996) ("In determining the amount of the sanctions, . . . the Court must be mindful of the fact that a concededly frivolous claim should not reasonably require an enormous expenditure of time and effort to refute"). Moreover, the rates accepted by in the R&R as reasonable are not comparable to hourly rates found to be reasonable in other cases in this district. *See Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, No. 23-CV-5262 (LJL), 2024 WL 3409278, at *6 (S.D.N.Y. July 15, 2024) ("Courts have recently held that hourly rates of $500 to $700 an hour are reasonable for experienced partners at large firms handling complex civil litigation" and "hourly rates between $300 to $585 to be reasonable for associates") (citing cases); *(RC) 2 Pharma Connect, LLC*, 2023 WL 112552, at *4 (reducing midlevel to junior associate rate to $250 and partner rates to $500 and $550 per hour); *Abraham v. Leigh*, No. 17 CIV. 5429 (KPF), 2020 WL 5512718, at *9 (S.D.N.Y. Sept. 14, 2020) (collecting cases, finding the requested hourly rate of $870 for a Shareholder and Senior counsel at Cozen O'Connor with 55 years of experience to be too high, and awarding sanctions of $52,507.50 in fees and $637.10 in costs where Plaintiff had been found to have fraudulently doctored certain documents).

Plaintiff also specifically objects to the R&R defining the "reasonable hourly rate" as the "rate a paying client would be willing to pay." The R&R improperly relies on the April 10, 2008 Second Circuit ruling in the *Arbor Hill* case to support its

conclusion. ECF No. 99 at 3, citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) (decided April 10, 2008). But the *Arbor Hill* decision cited in the R&R was decided under the prevailing party provision of the Voting Rights Act of 1965, not Rule 11. *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186.

Rule 11 requires application of a different standard. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 369 F.3d 91, 97–98 (2d Cir. 2004) (decided May 10, 2004) ("Rule 11 sanctions are designed to deter baseless filings . . . . 'Rule 11 is not a fee-shifting mechanism and does not create an entitlement' to attorney's fees") citing *Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.*, 28 F.3d 259, 266 (2d Cir.1994) and *Estate of Calloway v. Marvel Entertainment Group*, 9 F.3d 237, 241 (2d Cir.1993). Any amount of sanctions should be limited to the time that it should reasonably take to point out the frivolity of a truly frivolous claim. *See Levine*, 164 F.R.D. at 375 ("In determining the amount of the sanctions, . . . the Court must be mindful of the fact that a concededly frivolous claim should not reasonably require an enormous expenditure of time and effort to refute"). A fee award under Rule 11 should be limited to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Bounkhoun v. Barnes*, No. 15-CV-631-A, 2018 WL 1805552, at *10 (W.D.N.Y. Apr. 17, 2018), citing Fed. R. Civ. P. 11(c)(4) (noting that "Rule 11 sanctions are meant, in the first instance, 'to deter rather than to compensate'").

At page 9 of the R&R, the Magistrate Judge claims that the Complaint here alleged "over $580 million in [] damages." ECF No. 99 at 9. At page 10, the Magistrate

Judge relied on this "magnitude of [] damages" in justifying the hourly rates requested by Defendants. ECF No. 99 at 10. Plaintiff objects to this portion of the R&R on the ground that it overstates the damages alleged in the Complaint. The Complaint here alleged two categories of damages. First, the Complaint alleges damages caused by appointment of the receivership over Link Motion. ECF No. 1 ¶93. The second category of damages alleged in the Complaint flowed from the theory that entry of the TRO and preliminary injunction caused Plaintiff to lose the gains it otherwise would have received from the sale of FL Mobile. ECF No. 1 ¶90. Contrary to the statements made in the R&R, the maximum damages alleged under this theory was $180 million, not $580 million. *See* ECF No. 1 ¶90 and at p.24.

### E. Plaintiff objects to the overall amount of the award under the circumstances.

The recommendation to award Defendants a fee of $634,525.39 is unreasonable in light of the procedural history of the case. As described above, no motion to dismiss was filed, no answer was filed, no Rule 26 initial pre-trial conference was held, no discovery occurred, and the case was voluntarily dismissed. The award recommended in the R&R here is comparable to awards by Courts in this district where the parties have completed *all* phases of a civil action through trial. *See*, *e.g.*, *Cesari S.r.l. v. Peju Province Winery L.P.*, No. 17 CIV. 873 (NRB), 2024 WL 3374358, at *13 (S.D.N.Y. July 11, 2024) (awarding attorney's fees of $666,214 after a four-day bench trial); *Zero Carbon Holdings, LLC*, 2024 WL 3409278, at *11 (post-trial award of attorney's fees of $504,038.50). *See also Finkel v. Zizza & Assocs. Corp.*, No. 12-CV-4108 (JS)(ARL), 2023 WL 8455937, at *15 (E.D.N.Y. Dec. 6, 2023), *appeal withdrawn sub nom. Zizzia &*

*Assocs. Corp. v. Finkel*, No. 24-148, 2024 WL 1672247 (2d Cir. Feb. 8, 2024) (awarding attorney's fees of $655,587.72 after a trial). Given the foregoing authorities in the same district, the award recommended in the R&R is an outlier that far exceeds what is appropriate for a litigation that never proceeded beyond the pleading stage.

Cases in the Southern and Eastern Districts awarding attorney fees in cases with similar procedural postures, *i.e.*, before discovery, have found much lower amounts to be reasonable deterrence under Rule 11. *See (RC) 2 Pharma Connect, LLC, 2023 WL 112552*, at *5 (awarding "$43,406.25" after granting a motion to dismiss); *Friedman v. Self Help Cmty. Servs., Inc.*, No. 11-CV-3210(NGG)(JO), 2017 WL 663539, at *4 (E.D.N.Y. Feb. 17, 2017) (awarding "$20,000" after granting a motion to dismiss).

The R&R also improperly disregarded the financial information submitted by counsel regarding its inability to pay the award. ECF No. 99 at 26 n.9. Courts have found that yearly revenue is relevant to the issue of ability to pay. *See Star Mark Mgmt., Inc.*, 682 F.3d at 179 ("Given that the district court's broad discretion to lower a sanctions award based on inability to pay, however, we cannot say that the district court abused its discretion in lowering the sanctions amount to $10,000 based on Li's submissions"). *See also Friedman,* 2017 WL 663539, at *3 ("Determination of the amount of Rule 11 sanctions does not necessarily end with calculation of reasonable attorneys' fees and costs. The purpose of the sanctioning mechanism of Rule 11 is not reimbursement but sanction and accordingly, Rule 11 sanctions shall be limited to what is sufficient to deter repetition of such conduct. . . .") (internal quotations and citations omitted).

The Magistrate Judge acknowledged that counsel did submit their average yearly revenue in support of their argument on this issue but summarily declined to consider that fact. This was improper. To serve the purpose of Rule 11, the ability to pay should be considered in determining any award. *See Oliveri v. Thompson*, 803 F.2d 1265, 1281 (2d Cir. 1986). To the extent further information was required, the Court should have afforded counsel the opportunity to make an *in camera* submission on this issue of ability to pay. When the Court required further information from Defendants, the Court *sua sponte* provided Defendants with the opportunity to make further *in camera* submissions. *See* ECF No. 93 (directing Defendants to remove redactions from an exhibit filed under seal). But the Court failed to offer the same opportunity to counsel on the issue of ability to pay.

## CONCLUSION

For the foregoing reasons, the Court should adopt in part and reject in part the R&R and issue an Order:

(1) Exercising its discretion to not award fees; or

(2) In the alternative, reducing the award to $20,000.00, an amount sufficient to serve the deterrence policy underlying Rule 11; and

(8) granting such other and further relief and the Court deems appropriate.

Dated:  New York, New York             Respectfully submitted,
       June 12, 2025

                             FELICELLO LAW P.C.

                             */s/ Michael James Maloney*
                             Michael James Maloney
                             Rosanne E. Felicello
                             FELICELLO LAW P.C.
                             366 Madison Avenue
                             3rd Floor

New York, New York 10017
Tel. (212) 584-7806
mmaloney@felicellolaw.com
rosanne@felicellolaw.com
*Attorneys for Plaintiff China AI Capital*
*Limited*