# FELICELLO

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: December 17, 2025**

The motion to seal is GRANTED. The Clerk of the Court is respectfully directed to close the motion at ECF No. 114.

VIA ECF UNDER SEAL PURSUANT
STANDING ORDER 19-MC-00583 AND
ECF RULES & INSTRUCTIONS

The Honorable Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *China AI Capital Limited v. DLA Piper LLP (US) et al.*,
        Case No. 1:21-cv-10911 (S.D.N.Y.)
        Motion for Order granting leave to file under seal

Dear Judge Marrero:

Pursuant to Rule II.H of Your Honor's Individual Practices, Non-parties Felicello Law P.C., Rosanne E. Felicello, and Michael James Maloney (together, "Moving Counsel") respectfully request that the Court enter an Order granting Counsel leave to file certain papers under seal. Contemporaneously with this letter motion, Moving Counsel have filed an application for a limited stay of enforcement pending appeal of the Judgment entered at ECF No. 107. In support of their application, Moving Counsel have submitted Declarations setting forth personal financial information and sensitive business information. *See* Declaration of Michael James Maloney, dated December 15, 2025, and Declaration of Rosanne E. Felicello, dated December 15, 2025. Given the sensitive and personal nature of this information, Moving Counsel respectfully request leave to file public versions of these documents in redacted form and to file under seal unredacted versions.

Although there is a presumption of public access to judicial records, narrowly tailored sealing is appropriate "to preserve higher values" and relevant "factors counseling against public access outweigh the presumption of access afforded to that record." *Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22CV3235JPOKHP, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024), citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) and *Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022) (requiring courts to "balance competing interests against" the presumption of access to judicial documents) (internal quotations and citations omitted).

Here, all of the information proposed to be submitted under seal comprise personal financial information of Moving Counsel. *See* Maloney Decl. ¶¶17(a), 17(b), 21(a), 21(b), 21(c), 24-26; Felicello Decl. ¶¶8-10. Counsels' proposed redactions are narrowly tailored. *See id.* Accordingly, the Court should grant Moving Counsels' request for leave to file under seal. *See*

*Admitted to practice law in New York

The Honorable Victor Marrero
December 15, 2025
Page 2 of 2

*Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal "confidential business information," "which implicates legitimate privacy interests," and "information about" the owners' "personal finances" which "implicates their privacy interests and has 'no public ramifications'"), citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access").

Respectfully submitted,

*/s/ Michael James Maloney*

Michael James Maloney

cc:
    All counsel of record via ECF

Attachments:
    Maloney Decl. (Unredacted)
    Felicello Decl. (Unredacted)