UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHINA AI CAPITAL LIMITED,

                        Plaintiff,

      -against-

DLA PIPER LLP (US), and CARYN SCHECHTMAN,

                        Defendants,

      -and-

LINK MOTION INC. f/k/a NQ MOBILE INC.,

                        Nominal Defendant.
-----------------------------------------------------------------X

21-CV-10911 (VM) (VF)

**OPINION AND ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On December 15, 2025, non-parties Felicello Law P.C., Rosanne E. Felicello, and Michael James Maloney (collectively, "Counsel"), counsel for Plaintiff China AI Capital Ltd. ("China AI") moved by Order to Show Cause for a stay of enforcement of the judgment entered on November 18, 2025 (ECF No. 107), without the bond or other security required by Federal Rule of Civil Procedure 62(b). See ECF Nos. 113, 115. Defendants DLA Piper LLP (US) and Caryn G. Schechtman (collectively, "Defendants") oppose the motion. ECF No. 120. For the reasons discussed herein, Counsel's motion is **DENIED**.

## BACKGROUND

Familiarity with the factual background of this case, which has been recounted in prior decisions of the Court, is assumed. See ECF Nos. 58, 65. On March 6, 2024, the Honorable Victor Marrero issued an Opinion and Order, adopting the undersigned's recommendation that China AI and its counsel be sanctioned pursuant to Federal Rule of Civil Procedure 11. ECF No. 65. The Court dismissed China AI's action with prejudice and "jointly and severally sanctioned"

1

China AI and its Counsel "in the amount of the reasonable costs and attorneys' fees incurred by Defendants in defending this action." Id. at 47. On November 18, 2025, the judgment was entered against China AI and Counsel "in the amount of $634,525.39 in attorneys' fees and $2,331.50 in costs." ECF No. 107.

On November 24, 2025, Counsel filed a notice of appeal in the United States Court of Appeals for the Second Circuit. ECF No. 109. Pursuant to the automatic 30-day stay provided by Rule 62(a), execution of the judgment was stayed for 30 days, beginning on November 18, 2025. On December 15, 2025, before the 30-day period expired, Counsel filed the instant application, seeking a stay of enforcement of the judgment pending appeal without posting a bond or surety, as required by Rule 62(b). See ECF No. 115-2 at ¶ 36. The Court held a conference on December 17, 2025, to address the request. See ECF No. 119 at 1. Because the automatic stay provided by Rule 62(b) was to expire on December 18, 2025, the Court entered an order on December 18, temporarily staying enforcement of the judgment and maintaining the status quo, pending a ruling on the request for a stay pending appeal. Id. On January 7, 2026, Defendants filed their opposition to the motion. ECF No. 120. Counsel filed a reply brief and accompanying declaration in further support of their motion on January 16, 2026. ECF Nos. 121, 122.

## DISCUSSION

Under Federal Rule of Civil Procedure 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "The purpose of the rule is to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'" In re Nassau Cnty. Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (quoting Cleveland Hair Clinic, Inc. v. Puig, 104 F.3d 123, 125 (7th Cir.

1997)); see also John Wiley & Sons, Inc. v. Book Dog Books, LLC, 327 F. Supp. 3d 606, 648 (S.D.N.Y. 2018) (explaining that the bond requirement "mitigates any risk that the judgment debtor may not be able to fulfill the judgment after appeal" and also "guarantees that the appellee can recover damages caused by any delay incident to the appeal, such as interest and costs"); FDIC v. Ann-High Associates, No. 97-6095, 1997 WL 1877195, at *2 (2d Cir. Dec. 2, 1997) (per curiam) ("Rule 62, read in its entirety, reflects the federal policy of providing a judgment creditor with security during the pendency of an appeal.").

A district court has discretion to "waive the bond requirement 'if the appellant provides an acceptable alternative means of securing the judgment.'" In re Nassau Cnty., 783 F.3d at 417 (quoting Ann-High Assocs., 1997 WL 1877195, at *1). In determining whether to waive the bond requirement in Rule 62(b), a district court considers the following "non-exclusive" factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

In re Nassau Cnty., 783 F.3d at 417-18 (quoting Dillon v. Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)).

These "Nassau factors" are "a tool geared toward ensuring a meaningful outcome for the prevailing party, and not a device for easing the judgment burden on the losing party." Petersen-Dean, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA., No. 19-CV-11299 (AKH), 2020 WL 1989493, at *3 (S.D.N.Y. Apr. 24, 2020). The factors are designed to "address the primary purpose of Rule 62(d): to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money if the decision is reversed." In re

3

Nassau Cnty., 783 F.3d at 418. "Those factors contemplate waiving the requirement of a supersedeas bond because a court is satisfied that the debtor would be able to pay the judgment with ease." Butler v. Ross, No. 16-CV-1282 (DLC), 2017 WL 6210843, at *3 (S.D.N.Y. Dec. 7, 2017). "The vast majority of courts in this district applying [the Nassau] factors have denied a motion to stay enforcement without a supersedeas bond." Penzo v. Consolidated Edison Co. of New York, Inc., No. 19-CV-07478 (MKV), 2025 WL 369708, at *3 (S.D.N.Y. Feb. 3, 2025) (listing cases); see also Tatas v. Ali Baba's Terrace, Inc., No. 19-CV-10595 (ER), 2025 WL 1190806, at *3 (S.D.N.Y. Apr. 22, 2025) (recognizing that courts tend to deny motions to stay enforcement without a bond).

      As an initial matter, in arguing for a stay of enforcement of the judgment without posting a bond, Counsel ignores the factors set forth in In re Nassau County and advances an entirely different (and wrong) test. Counsel relies on the traditional stay factors applicable to motions for a stay of an injunction pending appeal. See ECF No. 113-6 at 7-22. Relying on those traditional stay factors, Counsel argues that AI China is likely to succeed on appeal, Counsel will be irreparably harm absent a stay of enforcement of the judgment, and the public interest favors a stay. But as the Second Circuit made clear In re Nassau County, the "traditional stay factors" do not directly address the "primary purpose" of Rule 62(b). See 783 F.3d at 418; see also Butler, 2017 WL 6210843, at *1-2 (recognizing distinction between traditional stay factors applied to a motion for a stay of an injunction pending appeal and factors identified in In re Nassau County which apply to Rule 62(b) motions). In In re Nassau County, the district court applied the traditional stay factors in assessing whether to stay enforcement of a money judgment, and the Second Circuit rejected that approach, announcing instead the five factors that are applicable to

4

motions under Rule 62(b) and applying those factors in assessing whether the bond requirement in that case should be waived. See In re Nassau Cnty., 783 F.3d at 417-18.

Moreover, after In re Nassau County, courts in this District have routinely applied the five factors identified by the Circuit in that case in assessing motions under Rule 62(b). See, e.g., Tatas, 2025 WL 1190806, at *3 (applying Nassau factors in assessing a request to stay execution of judgment under Rule 62(b)); Field v. Murnane, No. 21-CV-1990 (JGK), 2025 WL 3438491, at *2 (S.D.N.Y. Nov. 26, 2025) (applying Nassau factors in assessing pro se litigant's motion for a stay of the judgment pending appeal, which the court "construe[d] . . . as [a motion] under Rule 62(b)"); Petroleos de Venezuela S.A. v. MUFG Union Bank, N.A., No. 19-CV-10023 (KPF), 2020 WL 7711522, at *2 (S.D.N.Y. Dec. 29, 2020) (concluding that plaintiff "established that it [wa]s entitled to a partial stay pursuant to Rule 62(b)" and considering Nassau factors in determining that "no additional security [wa]s necessary"); see also Penzo, 2025 WL 369708, at *2-3 (rejecting application of traditional stay factors in assessing Rule 62(b) motion and applying instead Nassau factors); John Wiley, 327 F. Supp. 3d at 649 ("This Court agrees with those courts holding the traditional four factors appl[y] only when the judgment sought to be stayed is for injunctive or equitable relief.") (internal quotation marks and citation omitted, alteration in original); Moore v. Navillus Tire, Inc., No. 14-CV-8326 (CM), 2017 WL 4326537, at *3 (S.D.N.Y. Sept. 28, 2017) (explaining that it could "not be clearer" that the traditional stay factors do not apply post-In re Nassau County to requests to stay enforcement of a money judgment).

Counsel argues that nothing precludes the Court from considering the traditional stay factors because the five factors announced in In re Nassau County are "non-exclusive." ECF No. 122 at 1. Yes, the Circuit in In re Nassau County indicated that the factors it had just announced

were non-exclusive. See 783 F.3d at 417. But non-exclusive does not mean that the Court can ignore the factors entirely and rely instead on a different test that the Circuit rejected in considering whether the bond requirement in Rule 62(b) should be waived. See Butler, 2017 WL 6210843, at *2 (discussing why the traditional stay factors are not applicable to a motion to stay enforcement of a money judgment following In re Nassau County); John Wiley, 327 F. Supp. 3d at 648-49 (explaining that the Second Circuit "rejected" the practice of applying the traditional stay factors in deciding motions to stay enforcement of a money judgment); Moore, 2017 WL 4326537, at *3 (rejecting application of traditional stay factors post-In re Nassau County). Counsel makes no argument, in its moving or reply briefs, concerning any of the five factors identified in In re Nassau County, relying solely on the traditional stay factors. And although Counsel argues that the Court has discretion to waive the bond requirement, the Second Circuit has provided guidance as to how the Court should exercise that discretion and that guidance requires a weighing of the five factors identified in In re Nassau County.[1]

---

[1] Counsel also argues that the Court has the power to stay enforcement of the judgment under New York law, which Counsel contends is applicable pursuant to Rule 62(f). ECF No. 113-6 at 6. Counsel is mistaken. Rule 62(f) states that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f). But the underlying judgment here is a money judgment and "[a] money judgment is not automatically a lien on personal property until the writ of execution is delivered to a sheriff." Butler, 2017 WL 6210843, at *2 (rejecting application of Rule 62(f) to stay of execution of money judgment because under New York law, "a money judgment gives rise to, but does not automatically, create a lien"). And if Counsel's request for a stay were granted, Defendants would be prohibited from delivering a writ of execution to the sheriff. Further, Counsel's reliance on CPLR § 5240 is also misplaced because that provision applies "to prevent the brutal use of legal procedures against a judgment debtor." Midlantic Nat'l Bank/N. v. Reif, 732 F. Supp. 354, 356-57 (E.D.N.Y. 1990) (explaining that CPLR § 5240 is used to "to aid a party inequitably burdened by the use of enforcement procedures by his adversary"). Defendants have not initiated (or even attempted) any enforcement procedures.

Counsel also argues against application of the Nassau factors because the money judgment in this case stems from an award under Federal Rule of Civil Procedure 11. ECF No. 122 at 1. Counsel contends that a judgment for money damages is "fundamentally different" than a money judgment based on an award under Rule 11. Id. But Rule 62 does not distinguish between judgments based on how the judgment was obtained. And at least one Court has applied the Nassau factors when ruling on a motion to stay enforcement of a sanctions award. See Gardner-Alfred, 2024 WL 3755548, at *1-3 (applying Nassau factors to request to stay enforcement of money award based on violations of court orders and discovery obligations).

Turning to the factors in In re Nassau County, Defendants focus their argument on the amount of time it will take to obtain a judgment after it is affirmed on appeal (factor two), the degree of confidence that the Court has in the availability of funds to pay the judgment (factor three), and whether Counsel's ability to pay the judgment is so plain that the cost of a bond would be wasted (factor four). See ECF No. 120 at 9-11. Defendants contend that Counsel's admitted inability to satisfy the amount of the judgment dooms their request for a waiver of the bond requirement, because an inability to pay overwhelmingly weighs against waiver of the bond requirement. Id. at 11. Defendants are correct.

In Counsels' declarations, both attorneys admit that they lack the funds to pay the amount of the judgment and lack the funds or assets to obtain a supersedeas bond. ECF No. 115-2 at ¶¶ 17-19, 30-34; ECF No. 115-1 at ¶¶ 13-14. Counsel admits that enforcement of the judgment against Felicello Law pending appeal "would lead to a complete shutdown of" the firm, and that neither Counsel has sufficient cash or non-exempt assets to satisfy the judgment. ECF No. 115-2 at ¶¶ 18-19, 23-28; ECF No. 115-1 at ¶¶ 7-11; see also ECF No. 113-6 at 1 (stating that Felicello Law "is without means to pay the Judgment in full or to obtain a supersedeas bond").

7

As courts in this District have recognized, a stated inability to post a bond is often "determinative" of the inquiry under Rule 62(b) and weighs decisively against waiver of the bond requirement. U.S. Commodity Futures Trading Comm'n v. eFloorTrade, LLC, No. 16-CV-7544 (PGG), 2020 WL 2216660, at *10 (S.D.N.Y. May 7, 2020) (denying motion to stay execution of judgment where defendants represented that they lacked the funds to post bond and had not demonstrated that the judgment would be adequately secured absent a bond); see also John Wiley, 327 F. Supp. 3d at 649 (concluding that Nassau factors weighed "decisively" against a stay of enforcement of judgment where defendants admitted their inability to pay judgment); EMA Fin., LLC v. Joey New York Inc., No. 17-CV-9706 (VSB), 2022 WL 2399754, at *3 (S.D.N.Y. July 1, 2022) (collecting cases). Indeed, the Nassau factors "contemplate waiving the requirement of a supersedeas bond because a court is satisfied that the debtor would be able to pay the judgment with ease." Butler, 2017 WL 6210843, at *3. Here, however, there are no assurances that Counsel would be able to pay the judgment with ease. Instead, Counsel's representations make it evident that Counsel is unable to satisfy the judgment, and that stated inability to pay is determinative of the application for a waiver of the bond requirement. Saadeh v. Kagan, No. 20-CV-1945 (PAE), 2024 WL 5514998, at *1 (S.D.N.Y. Feb. 14, 2024) ("That [defendant] has claimed that he is unable to pay the judgment or for a bond supports not waiving the bond requirement, as he has not provided an acceptable alternative means of securing the judgment against him."); compare Rivera v. Home Depot USA Inc., No. 16-CV-7552 (KBF), 2018 WL 3105069, at *3 (S.D.N.Y. June 25, 2018) (waiving bond because Home Depot had "extremely deep pockets" and would be able to pay any judgment) with Moore, 2017 WL 4326537, at *2 (declining to waive bond requirement where defendant advised the court it could not satisfy the judgment, could not obtain a supersedeas bond, and "any amount of the bond

would plunge it into bankruptcy") (emphasis removed). Additionally, whether enforcement of the judgment may lead to the shutdown of Counsel's law practice, Felicello Law, is not relevant because the "bond requirement is not designed to protect the judgment debtor's ability to continue in business." See John Wiley, 327 F. Supp. 3d at 649 (stating that "the fact that the need to post a bond may impair a business is irrelevant" to analysis of Nassau factors).

Further, the first and fifth Nassau factors also weigh against waiver of the bond requirement. Beginning with the fifth factor, that factor examines the financial situation of the judgment debtor and "does so in the context of considering prejudice to other creditors who may have claims to the debtor's property." Field, 2025 WL 3438491, at *2 (citation omitted). The factor "requires the debtor to show that their inability to pay other creditors would stem from the bond itself, not merely from the judgment" and it "does not envisage waiving the bond requirement because a debtor simply cannot pay." John Wiley, 327 F. Supp. 3d at 650 (citations omitted, emphasis in original). Counsel has not identified other creditors and has put forth no evidence that posting a bond would leave Counsel unable to pay other creditors. Regardless, even if such evidence existed, the fifth factor "carries the least persuasive weight in determining whether to grant a stay without bond" and courts in this District "have repeatedly rejected waiver requests on the basis of the fifth Nassau County factor alone." TD Bank, N.A. v. Miller, No. 18-CV-10608 (VM), 2022 WL 1094160, at *1 (S.D.N.Y. Apr. 12, 2022).

Turning to the first factor, that factor looks at the complexity of the collection process, and it also does not warrant waiver of the bond requirement here. Counsel has not shown that they will be able to pay the judgment quickly after an appeal. Instead, they have represented that they do not have the funds to pay an award. From Counsel's representations "it is apparent that the procedure for collecting a judgment in the absence of a bond would be 'cumbersome and

9

time consuming.'" See Gardner-Alfred, 2024 WL 3755548, at *2 (quoting Lightfoot v. Walker, 797 F.2d 505, 506 (7th Cir. 1986)) (in analyzing first factor, court relied on plaintiffs' representations concerning their inability to pay judgment). As such, the first factor also weighs against relief from the bond requirement.

In short, given the purpose of Rule 62(d), Counsel has not adequately demonstrated that the Court should waive the bond requirement. Moreover, Counsel has not suggested an acceptable alternative means of securing the award, as there is no indication that Counsel considered or tried to obtain some other form of security, such as a partial bond. See Xerox Corp. v. JCTB Inc., No. 18-CV-06154 (MAT), 2019 WL 6000997, at *4 (W.D.N.Y. Nov. 14, 2019) (rejecting waiver of bond requirement in part because party had not offered any alternative means to secure the judgment).

## CONCLUSION

For the foregoing reasons, the motion is DENIED.

**SO ORDERED.**

DATED:    New York, New York
          February 18, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge